## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ERICA N. HAWTHORNE,**<br>1629 R Street NE<br>Washington, DC 20020<br><br>**Plaintiff,**<br><br>v.<br><br>**RUSHMORE LOAN MANAGEMENT SERVICES LLC,**<br>15480 Laguna Canyon Rd., Ste. 100<br>Irvine, CA 92618<br><br>**Defendant.** | **Civil Action No. _____** |

## NOTICE OF REMOVAL

Pursuant 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Rushmore Loan Management Services LLC ("Rushmore") hereby removes this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia, and states as follows for its Notice of Removal. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, Rushmore removes this action to this Court and in support of its Notice of Removal states as follows:

## INTRODUCTION

1. On January 9, 2020, Plaintiff Erica N. Hawthorne ("Plaintiff") filed a Complaint against Rushmore in the Superior Court for the District of Columbia, styled *Erica N. Hawthorne v. Rushmore Loan Management Services LLC*, Case No. 2020 CA 000217 B (the "Action"). A copy of the properly redacted Complaint, Summons, and Initial Order are attached hereto as **Exhibit A**. As of the date of this filing, there were no other documents within the Superior Court's

case file.

    2.    This Notice of Removal is being filed within a year of the date of the commencement of the action for purposes of removal.

    3.    Plaintiff purports to have served Rushmore's registered agent in the District of Columbia with a copy of the Summons, Complaint, and Initial Order by certified mail on January 20, 2020.  Rushmore does not admit that service was proper under the Federal Rules of Civil Procedure.  However, if service was satisfactory, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

    4.    In the Complaint, Plaintiff alleges the following causes of action:

        a.    Count I – Breach of Contract (Compl. ¶¶ 54-60);

        b.    Count II – Negligence (Compl. ¶¶ 61-71);

        c.    Count III – Negligent Misrepresentation (Compl. ¶¶ 72-78);

        d.    Count IV – Violation of the District of Columbia Consumer Protection Procedures Act ("CPPA") (Compl. ¶¶ 79-87);

        e.    Count V – Violation of the Fair Credit Reporting Act ("FCRA") (Compl. ¶¶ 88-93);

        f.    Count VI – Violation of the Fair Debt Collection Practices Act ("FDCPA") (Compl. ¶¶ 94-102);

        g.    Count VII – Infliction of Emotional Distress (Compl. ¶¶ 103-109); and

        h.    Count VIII – Defamation (Compl. ¶¶ 110-114).

    5.    Rushmore denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief can be granted, and denies that Plaintiff has been damaged in any manner

whatsoever. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed the Complaint in this Court under federal question jurisdiction because she asserts claims pursuant to the FCRA and FDCPA. Similarly, this case could have bene filed in this Court under diversity jurisdiction as the citizenship of the parties is diverse, and the amount in controversy exceeds $75,000. Removal of this case is therefore proper under 28 U.S.C. §§ 1331 and 1332.

## GROUNDS FOR REMOVAL

### I. Federal Question

6. This case is removable pursuant to the Court's federal question jurisdiction. Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Plaintiff's Complaint alleges a violation of the FCRA, 15 U.S.C. § 1681. (Compl. ¶¶ 88-93). Additionally, Plaintiff alleges a violation of the FDCPA, 15 U.S.C. § 1692(e). (Compl. ¶¶ 94-102).

8. This Court has original jurisdiction over the present lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff alleges Rushmore violated the laws of the United States.

9. To the extent that Plaintiff also asserts claims purporting to arise under the common law of the District of Columbia, these claims are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

10. Rushmore denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner.

Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, she could have originally filed her Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant, disputed issues under federal law.

## II.   Diversity Jurisdiction

11. Removal of this action is also proper under 28 U.S.C. §§ 1332(a) and 1441(b) because (i) there is complete diversity between Plaintiff and Rushmore, and (ii) the amount in controversy exceeds $75,000.00.

12. By removing the case to this Court, Rushmore does not waive any defenses, objections, or motions available to it under the applicable law.  In particular, Rushmore expressly reserve the right to move for dismissal pursuant to Fed. R. Civ. P. 12.

13. The citizenship status of the real parties in interest is completely diverse.

14. Plaintiff purports to be a citizen of the state of citizen of New Jersey.  (Compl. ¶ 2)

15. Rushmore is a Delaware limited liability company whose sole member is another Delaware limited liability company, Roosevelt Management Company, LLC.  Upon information and belief, none of its members are citizens of the state of New Jersey.  Accordingly, for purposes of federal jurisdiction, Rushmore is not a citizen of the State of New Jersey.  *See Simon v. Hofgard*, 172 F. Supp. 3d 308, 314 (D.D.C. 2016) (citation omitted) (a limited liability companies carry the citizenship of each of its members).

16. Accordingly, there is complete diversity between Plaintiff and Defendant.

17. Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. §1332(a).

18. "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce[.]" *Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 59 (D.D.C. 2017) (quoting *Tatum v. Laird*, 444 F.2d 947, 951 n. 6 (D.C. Cir. 1971), *rev'd on other grounds*, 408 U.S. 1, 92 S. Ct. 2318, 33 L. Ed. 2d 154 (1972). Here, the amount in controversy well exceeds the requisite $75,000.00, exclusive of interest and costs.

19. Plaintiff seeks damages on her breach of contract claim (Count I) in an unspecified amount for all alleged overpayments made to Rushmore. (Compl. ¶ 60). Plaintiff seeks $50,000 in damages and $100,000 in punitive damages each on her claims for negligence (Count II) and negligent misrepresentation (Count III). (Compl. ¶¶ 71, 78). Plaintiff seeks $100,000 in damages and $100,000 in punitive damages on her claim for violation of the CPPA (Count IV). (Compl. ¶ 87). Plaintiff seeks an award of actual damages in the amount of $20,800 and $100,000 in punitive damages on her claim for violation of the FCRA (Count V). (Compl. ¶ 93). Plaintiff seeks damages in the amount of $20,800 on her claim for violation of the FDCPA (Count VI). (Compl. ¶ 102). Plaintiff seeks $250,000 in damages and $100,000 in punitive damages on her claim for infliction of emotional distress (Count VII). (Compl. ¶ 109). Finally, Plaintiff seeks $100,000 in damages and $100,000 in punitive damages on her claim for defamation (Count VIII). (Compl. ¶ 114). Therefore, the amount in controversy exceeds the $75,000 threshold.

20. Accordingly, because complete diversity exists and the amount in controversy requirement is satisfied, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

**VENUE**

21. Venue is proper in this Court because this District and Division encompass the Superior Court for the District of Columbia, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

**NOTICE**

22. Pursuant to 28 U.S.C. § 1446(d), and concurrent with filing this Notice of Removal, Rushmore will file a Notice of Filing Notice of Removal with the Clerk of the Superior court for the District of Columbia and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing Notice of Removal (without its exhibits) is attached hereto as **Exhibit B**.

23. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

24. If any questions arise as to the propriety of the removal of this action, Rushmore requests the opportunity to present a brief and argument in support of its motion that this case is removable.

WHEREFORE, Defendant Rushmore Loan Management Services LLC hereby removes the Action to this Court and seeks all other relief this Court deems equitable and just.

Dated:  February 10, 2020

Respectfully submitted,

**RUSHMORE LOAN MANAGEMENT SERVICES LLC**

/s/ Jason T. Kutcher
S. Mohsin Reza, Esq. DC Bar No. 985270
Jason T. Kutcher, Esq., DC Bar No. 1011988
Troutman Sanders LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 274-2915

E-mail: jason.kutcher@troutman.com
*Counsel for Defendant Rushmore Loan Management Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Melanie Murray Mfume, Esq.
Law Office of Melanie Murray Mfume, LLC
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 870-1019 telephone
(888) 266-0046 facsimile
mmfume@lawofficeofmmm.com
*Counsel for Plaintiff*

I further certify that on the 10th day of February, 2020, a true and correct copy of the foregoing was sent via electronic mail and U.S. Mail, postage prepaid, to the following:

Melanie Murray Mfume, Esq.
Law Office of Melanie Murray Mfume, LLC
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 870-1019 telephone
(888) 266-0046 facsimile
mmfume@lawofficeofmmm.com
*Counsel for Plaintiff*

/s/ Jason T. Kutcher