UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERICA N. HAWTHORNE,

    *Plaintiff*,

v.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

    *Defendant*.

Civil Action No. 20-393 (RDM)

## MEMORANDUM OPINION AND ORDER

Early in 2020, Plaintiff Erica Hawthorne filed this lawsuit against Defendant Rushmore Loan Management Services, LLC ("Rushmore"), a mortgage servicer, asserting a variety of claims related to Rushmore's alleged misconduct in servicing Hawthorne's mortgage. Dkt. 1. In an August 30, 2021 Memorandum Opinion and Order, the Court dismissed most of Hawthorne's claims but allowed two to proceed. *Hawthorne v. Rushmore Loan Mgmt. Servs., LLC*, No. 20-cv-393, 2021 WL 3856626, at *17 (D.D.C. Aug. 30, 2021). After the close of discovery and while Rushmore was preparing its summary judgment motion, Hawthorne filed a motion for leave to amend her complaint, adding new factual allegations and additional claims for relief. Dkt. 30. Because Hawthorne has been dilatory in seeking leave to amend and because Rushmore would be prejudiced by the Court permitting Hawthorne to add new claims at this late hour, the Court will **DENY** Hawthorne's motion.

### I. BACKGROUND

Hawthorne is the record owner and borrower for a property in the District of Columbia. Dkt. 1-1 at 2 (Compl. ¶ 2). As the Court described in its prior Opinion, she alleges that

Rushmore acted improperly in servicing her mortgage on this property and caused her harm in the process. *Hawthorne*, 2021 WL 3856626, at *1–5. Two of her claims remain pending at this point, one brought under the Fair Credit Reporting Act and the other brought under the Fair Debt Collection Practices Act. *Id.* at *14–16.

Discovery commenced in November 2021. Min. Order (Nov. 23, 2021). The Court extended discovery three times—once on a joint motion by the parties and twice at Hawthorne's request. Min. Order (Feb. 9, 2022); Min. Order (Mar. 14, 2022); Min. Order (July 14, 2022). On July 1, 2022, as part of her final motion to extend discovery, Hawthorne sought leave to amend her complaint. Dkt. 27 at 2. She explained:

> At the end of April, Plaintiff spoke with Defendant and was informed that her escrow account was not being analyzed or managed and incorrect increased amounts were being added to her monthly payment without prior notice to her (i.e. no monthly statements, no escrow disclosure specifying the change).
>
> Defendant has resumed negative credit reporting in 2022 despite her making timely payments via wire transfer to Defendant.

*Id.* Hawthorne did not provide a proposed amended complaint. *Id.* The Court, accordingly, advised her on July 5, 2022 that "if she seeks leave to amend her complaint, she must file a motion to do so attaching clean and redlined versions of the of the proposed amended complaint, as required by the Court's Standing Order." Min. Order (July 5, 2022); *see also* Local Civ. R. 7(i); Dkt. 3 (Standing Order ¶ 7). Hawthorne took no action in response, so the Court denied her request *without prejudice* on July 14. Min. Order (July 14, 2022). Still, Hawthorne took no action, and discovery concluded on August 5, 2022.

After the close of discovery, the parties appeared before the Court on August 15 for a pre-motion conference. Min. Entry (Aug. 15, 2022). All agreed that Defendant's motion for

summary judgment would be due on or before September 30, 2022.  At this conference, Hawthorne did not indicate any intent to amend her complaint.

A month later, on September 16, 2022—two weeks before Rushmore's motion for summary judgment was due—Hawthorne filed the instant motion, proposing to add to her complaint new factual allegations in support of her existing claims and two new counts for violations of regulations implementing the Real Estate Settlement Procedures Act.  Dkt. 30; Dkt. 30-1 at 23–28.  Much as she did in her July 1 request to amend, Hawthorne asserts that in April 2022 she learned that Rushmore "was continuing to report negatively on her credit report despite the fact that she had not missed any payments" and that Rushmore "had again failed to conduct an annual escrow re-analysis of her account to determine the proper amount to increase/decrease her monthly mortgage payment by."  Dkt. 30 at 1.  According to Hawthorne, discovery "confirmed the[se] . . . allegations."  *Id.*  Hawthorne further states that "no additional evidence or other discovery [is] needed from the Defendant" and that granting her motion will cause "no prejudice to the parties."  *Id.* at 2.  Rushmore opposes Hawthorne's motion, arguing that the motion comes too late, that granting leave to amend now would prejudice Rushmore, and that Hawthorne's motion, "filed . . . two weeks before the commencement of the summary judgment deadlines and filed without informing the Court when directly asked, borders on bad faith."  Dkt. 31 at 2, 5.  Hawthorne has not filed a reply.

On September 30, 2022 Rushmore filed its motion for summary judgment, addressing only the remaining claims from Hawthorne's original complaint.  Dkt. 32-1.

## II.  LEGAL STANDARD

A plaintiff may amend her complaint once as a matter of right within 21 days of serving it or within 21 days of being served a responsive pleading.  *See* Fed. R. Civ. P. 15(a)(1).

3

Otherwise, a plaintiff must seek consent from the defendant or leave from the court.  *See* Fed. R. Civ. P. 15(a)(2).  In this latter circumstance, the Court should "freely" grant leave to amend "when justice so requires."  *Id.*  This standard is permissive, but certain factors nevertheless can provide a basis for denying leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  "Under Rule 15(a), the non-movant generally carries the burden in persuading the court to deny leave to amend."  *Petworth Holdings, LLC v. Bowser*, 333 F.R.D. 297, 299 (D.D.C. 2019) (internal quotation marks omitted).

### III.  ANALYSIS

Rushmore contends that Hawthorne has been unjustifiably dilatory in seeking leave to amend her complaint and that permitting amendment now would prejudice Rushmore.  The Court agrees.

*First*, Hawthorne has been dilatory, unduly delaying her request to amend.  "Undue delay is a valid reason to reject a party's attempt to add a new theory of liability to a complaint."  *Elkins v. District of Columbia*, 690 F.3d 554, 565 (D.C. Cir. 2012).  When assessing whether delay is undue, "the *reason* for the delay is pertinent," *Petworth Holdings, LLC*, 333 F.R.D. at 299, as is "the possibility of any resulting prejudice," *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996).  Accordingly, "[c]ourts that have found an undue delay in filing have generally confronted cases in which the movant[] failed to promptly allege a claim for which

4

they already possessed evidence." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 9 (D.D.C. 2013); *see also Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir. 1987) ("[D]enial [of a motion for leave to amend] is permitted if the amendment would result in delay or undue prejudice to the opposing party, or if a party has had sufficient opportunity to state a claim and has failed to do so."); *Anderson v. USAir, Inc.*, 818 F.2d 49, 57 (D.C. Cir. 1987) (affirming the denial of a motion for leave to amend made after discovery closed and where the new counts the plaintiff sought to add were "based on facts known prior to the completion of discovery"); *Onyewuchi v. Gonzalez*, 267 F.R.D. 417, 420 (D.D.C. 2010) ("Leave to amend is properly denied when the plaintiff was aware of the information underlying the proposed amendment long before moving for leave to amend the complaint."). The decision is ultimately case-specific and depends in significant part on the parties' actions. *Compare Unique Industries, Inc. v. 965207 Alberta Ltd.*, 764 F. Supp. 2d 191, 207–08 (D.D.C. 2011) (holding that plaintiff's delay in moving for leave to amend was undue where plaintiff discovered new, relevant evidence after discovery, but exhibited a "lack of diligence in investigating its case," and summary judgment briefing had already concluded), *and Equity Grp., Ltd. v. Painewebber, Inc.*, 839 F. Supp. 930, 932 (D.D.C. 1993) (denying leave to amend where, although a plaintiff learned of new facts after the close of discovery, it "waited several additional months until after the filing of defendant's dispositive motion to raise them"), *with 2910 Georgia Avenue LLC v. District of Columbia*, 312 F.R.D. 205, 208, 212–15 (D.D.C. 2015) (finding no undue delay where plaintiff indicated an intention to move for leave to amend at a post-discovery, pre-motion status conference, filed its motion five weeks before motions for summary judgment were due, and the amendment was based on evidence obtained for the first time in discovery).

The totality of Hawthorne's conduct justifies a finding of undue delay. Hawthorne became aware of the factual predicate for her new claims in April of this year, approximately five months before filing the instant motion. Dkt. 30 at 1. She had ample time to seek leave to amend her complaint while discovery was still ongoing and before summary judgment briefing commenced. Moreover, it is clear that by July 1 at the latest Hawthorne had contemplated seeking leave to amend her complaint in light of the information she learned in April. Dkt. 27 at 2. Yet Hawthorne did nothing for over two months after the Court (1) instructed her that, "if she seeks leave to amend her complaint, she must file a motion to do so attaching clean and redlined versions of the proposed amended complaint," Min. Order (July 5, 2022), and then (2) denied her "request for leave to amend the complaint . . . without prejudice for failure to comply with Local Civil Rule 7(i) and the Court's Standing Order," Min. Order (July 14, 2022).

The Court does not know the reason for Hawthorne's inaction. But if she had questions about a potential amendment or required additional time to file her motion, she could have raised those issues at any point. The pre-motion conference provided an obvious opportunity to do so, or at least to alert the Court and the parties that a new complaint was in the works. This information might have altered the schedule the Court set for summary judgment briefing, and if additional discovery was required, the Court could have considered yet another request to extend the discovery schedule. But Hawthorne gave no indication that she still intended to seek leave to file an amended complaint, and the parties proceeded accordingly. Yet another month passed before Hawthorne filed the instant motion, at which point discovery had long since closed and four of the six weeks that Rushmore was provided to prepare its motion for summary judgment had elapsed. Hawthorne's motion for leave to amend does not acknowledge any of this history, much less attempt to explain it. *See Williamsburg Wax Museum, Inc.*, 810 F.2d at 247 (affirming

denial of leave to amend and finding it relevant that plaintiff "offered no explanation for its tardiness"). In light of Hawthorne's repeated missed opportunities to file a timely motion or to provide notice of her intentions, the Court finds that her motion is dilatory.

*Second*, permitting Hawthorne to amend her complaint would prejudice Rushmore. The prejudice inquiry dovetails with the undue delay analysis: whether delay is undue depends in part on "the possibility of any resulting prejudice," *Atchinson*, 73 F.3d at 426, and, by the same token, the amount of prejudice a non-movant reasonably can be expected to accept must be assessed in light of the strength of the justification for delay. Prejudice takes different forms in this context. Courts often consider whether a non-moving party would be "deni[ed] . . . the opportunity to present facts or evidence which would have been offered had the amendment been timely," *Gilliard v. Gruenberg*, 302 F. Supp. 3d 257, 273 (D.D.C. 2018) (internal quotation marks omitted), but permitting a party to assert new claims after the close of discovery and thereby "protract the litigation" can also be prejudicial, particularly where the moving party had knowledge of the facts giving rise to the claims for several months before raising them, *Equity Group, Ltd.*, 839 F. Supp. at 932; *see also Anderson*, 818 F.2d at 57; *Hollinger-Haye v. Harrison Western/Franki-Denys*, 130 F.R.D. 1, 2 (D.D.C. 1990); *Yager v. Carey*, 910 F. Supp. 704, 732 (D.D.C. 1994); *LaPrade v. Abramson*, No. 97-cv-10, 2006 WL 3469532, at *5–6 (D.D.C. Nov. 29, 2006) ("A motion to amend may be denied as prejudicial where a defendant would have to conduct additional discovery and a plaintiff has filed an untimely motion to amend without demonstrating a good reason for the delay."). All the same, "an amendment is not automatically deemed prejudicial [just because] it causes the non-movant to expend additional resources." *United State ex rel. Westrick*, 301 F.R.D. at 9. The Court's task is to draw the line where "justice so requires." Fed. R. Civ. P. 15(a)(2).

Granting Hawthorne's motion would subject Rushmore to at least one form of prejudice. Rushmore has represented that it will require additional discovery in order adequately to investigate and respond to Hawthorne's new claims. Dkt. 31 at 7. If the Court were to grant leave to amend but decline to reopen discovery, as Hawthorne requests, Dkt. 30 at 2, Rushmore would be prejudiced by having to litigate the merits of late-asserted claims without receiving a fair opportunity (or, indeed, any opportunity) to investigate them, *see Gruenberg*, 302 F. Supp. 3d at 273. But if the Court were to reopen discovery in order to avoid that prejudice, Rushmore would face the additional expense and delay of further discovery.

Under these circumstances, the interests of justice would be disserved by requiring that Rushmore either litigate claims without adequate discovery or bear the cost and delay of additional discovery, simply because Hawthorne—without any stated justification—failed to file her motion in a timely manner. As explained, Hawthorne was aware of the facts giving rise to her new claims approximately four months before discovery closed. She could have asserted them then with minimal prejudice to Rushmore. That did not happen. And it did not happen because of Hawthorne's own lack of diligence: her failure to comply with the Court's Local Rules and the Standing Order entered in this case on her first attempt to amend; failure to respond to the Court's minute order reminding her of the requirements of the Standing Order, *see* Min. Order (July 5, 2022); failure to take prompt action after the Court subsequently denied her request for leave to amend "without prejudice" in mid-July, *see* Min. Order (July 14, 2022); failure to make a second attempt for months; failure to make any mention of an intent to seek leave to amend at the pre-motion conference, *see* Min. Order. (Aug. 15, 2022); and decision to file a new motion for leave to amend only after Rushmore had almost certainly incurred significant expense in connection with its summary judgment briefing and without prior notice.

That Hawthorne signaled her potential interest in amending her complaint in early July does not mitigate these concerns, and, indeed, merely highlights her unexplained delay. After Hawthorne declined to act in response to the Court's denial of her initial request, it was reasonable for Rushmore to assume that she had decided not to pursue an amendment. At the very least, after the pre-motion conference Rushmore had no reason to suspect that the complaint would be re-opened. Taken together, then, these facts demonstrate that although the prejudice facing Rushmore is not overwhelming, it is certainly undue. It is therefore sufficient, when combined with Hawthorne's unexplained and lengthy delay, to establish that this is one of those rare cases in which the liberal standard for permitting a party to amend its pleading is not satisfied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint, Dkt. 30, is **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  October 10, 2022